UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

BRIAN A. WARREN,

        Petitioner,               Case No. 1:13-cv-570

v.                                  Honorable Paul L. Maloney

SHERRY BURT,

        Respondent.
_____/

## ORDER OF TRANSFER
## TO SIXTH CIRCUIT COURT OF APPEALS

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is confined at the Muskegon Correctional Facility. Petitioner was convicted in the Calhoun County Circuit Court of first-degree felony murder, two counts of first-degree criminal sexual conduct (CSC I), assault and battery, kidnaping and the unlawful driving away of an automobile.[1] On October 16, 1995, Petitioner was sentenced to life imprisonment for the murder conviction, thirty to sixty years for each of the CSC I convictions, ninety days for the assault conviction, thirty to sixty years for the kidnaping conviction and three to five years for the unlawful-driving-away conviction. Petitioner appealed his convictions and filed a variety of collateral motions seeking relief in the state courts.

In 2000, Petitioner filed his first habeas petition in the United States District Court for the Eastern District of Michigan, challenging the 1995 judgment. Following review on the

---

[1] Petitioner also was convicted of first-degree home invasion, but the conviction was subsequently vacated on double jeopardy grounds because it was the predicate felony for the felony-murder conviction.

merits, the court dismissed the 2000 petition with prejudice. *See Warren v. Jackson*, Case No. 2:00-cv-73560 (E.D. Mich. May 24, 2001) (Op. & J.) (docket ##41-42).[2]

On September 14, 2005, the Calhoun County Circuit Court issued an amended judgment, which altered the number of days of jail credit Petitioner received. Petitioner filed a habeas petition in this Court on November 25, 2005, expressly challenging the amended judgment of conviction issued on September 14, 2005. In his habeas application, Petitioner claimed that the sentencing court improperly issued its amended judgment of sentence without first appointing counsel for Petitioner and providing him with an opportunity to be heard. On April 1, 2008, the magistrate judge issued a report and recommendation concluding that the petition was not second or successive because the claim asserted in the amended petition did not arise until September 2005, long after Petitioner initiated his first habeas corpus action in the Eastern District of Michigan. The magistrate judge therefore addressed the merits of Petitioner's claim, recommending that the petition be denied. On May 9, 2008, the district judge issued an opinion and order adopting the report and recommendation and dismissing the petition with prejudice. *See Warren v. Jackson*, No. 1:05-cv-791 (W.D. Mich. May 9, 2008) (Op. & Order) (docket #125).

On October 16, 2008, Petitioner filed another habeas petition, purporting to challenge both the 1995 judgment and the 2005 judgment. In an order issued October 31, 2008, the Court transferred the case to the Sixth Circuit as second or successive. *See Warren v. Harry*, No. 1:08-cv-973 (W.D. Mich. Oct. 31, 2008) (Order) (docket #3).

---

[2]Petitioner subsequently filed numerous motions seeking relief from the May 24, 2001 judgment, all of which were transferred to the Sixth Circuit as second or successive petitions. *See Warren v. Jackson*, Case No. 2:00-cv-73560 (docket ##54, 57, 65, 70, 73, 75, 78, 81).

In 2010, Petitioner sought leave to file yet another application for habeas corpus relief challenging the 2005 judgment. In an order issued September 17, 2010, the Court transferred the action to the Sixth Circuit because it was "second or successive" within the meaning of 28 U.S.C. § 2244(b). *See Warren v. Birkett*, No. 1:10-cv-862 (W.D. Mich. Sept. 17, 2010) (citing *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007)). On February 20, 2013, Petitioner filed his fourth habeas petition in this Court respecting his 2005 amended judgment.[3] The Court transferred the case to the Sixth Circuit as a second or successive petition. *See Warren v. Burt*, No. 1:13-cv-186 (W.D. Mich. March 4, 2013).[4] In the instant habeas application, Petitioner again challenges the 2005 amended judgment of conviction.

Because Petitioner's previous habeas action was filed after the enactment of the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), his current petition is subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must

---

[3] In all, Petitioner has filed 16 habeas petitions in this Court and 19 habeas petitions in the Eastern District of Michigan, in which he challenged the original 1995 judgment, the 2005 judgment, or one of the numerous underlying convictions used to calculate his sentence in the 1995 and 2005 judgments.

[4] The Sixth Circuit denied Petitioner's motion to file a second or successive habeas petition. *See In re Warren,* No. 08-1106 (Mar. 14, 2008).

actually show the statutory standard).⁵ A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003) (prior untimely federal habeas corpus petition counts as "prior application" for purposes of limitations on second or successive petitions). In *Warren v. Jackson*,

---

⁵When the initial petition is filed before the enactment of the AEDPA on April 24, 1996, the district court must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA abuse of the writ standard. *Cress*, 484 F.3d at 852. That standard does not require authorization from the court of appeals. *Id.*

No. 1:05-cv-791 (W.D. Mich. May 9, 2008), the Court dismissed the petition with prejudice following a review of his claims on the merits.

As a result, the instant habeas application is second or successive to his first habeas petition challenging the 2005 judgment. *See id.* Petitioner argues, however, that the petition should not be transferred as second or successive because, although numerically second, it is not second or successive within the meaning of § 2244(b), because the magistrate judge found his earlier claim to be unexhausted. Citing *Brown v. O'Dea*, 187 F.3d 572, 573 n.1 (6th Cir. 1999), Petitioner contends that his prior dismissal for lack of exhaustion does not bar the filing of a second habeas petition.

The proposition that a prior petition dismissed without prejudice for lack of exhaustion does not bar the filing of a second habeas petition is unexceptional. However, the proposition is wholly inapplicable to the instant case. Petitioner's 2005 habeas petition was not dismissed without prejudice for lack of exhaustion. Instead, although the magistrate judge concluded that Petitioner's 2005 claims were unexhausted, she did not recommend dismissal of the petition on that basis. Instead, the magistrate judge recommended that the petition be dismissed *with* prejudice for lack of merit, notwithstanding the lack of exhaustion, as permitted by 28 U.S.C. § 2254(b)(2). The district court adopted the report and recommendation and dismissed the case with prejudice. The court's dismissal of the petition, therefore, had full preclusive effect under § 2244(b)(2).

Because Petitioner previously has filed a habeas petition respecting his 2005 judgment of conviction that was dismissed on the merits, in order to file another habeas corpus action, Petitioner must obtain authorization from the Sixth Circuit. The appropriate disposition for

a second or successive petition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

IT IS ORDERED that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Date:   June 17, 2013                                   /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        Chief United States District Judge